WILSON (MEEKER v.). See Case No. 9,-392.

WILSON (MILLS v.). See Case No. 9,616.

WILSON (MITCHELL v.). See Cases Nos. 9,671 and 9,672.

WILSON (MOYNAHAN v.). See Case No. 9,897.

WILSON (NEW YORK & L. S. CO. v.). See Case No. 10,198a.

---

## Case No. 17,825.

### WILSON v. The OHIO.

[Gilp. 505.][1]

District Court, E. D. Pennsylvania. Nov. 24, 1834.

ADMIRALTY JURISDICTION — NAVIGABLE TIDE RIVERS—SEAMENS' WAGES.

1. A contract for wages on board of a steamboat, plying between ports of adjoining states, on a navigable tide river, may be enforced by a suit in rem, in the admiralty.

[Cited in The Mary, Case No. 9,190.]

[Cited in Holt v. Cummings, 102 Pa. St. 215.]

[1] [Reported by Henry D. Gilpin, Esq.]

2. The pilot, deck-hands, engineer, and firemen on board of a steamboat are entitled to sue in the admiralty for their wages.

[Cited in Thackarey v. The Farmer, Case No. 13,852; The Sultana, Id. 13,602.]

HOPKINSON, District Judge. The question in this case is, whether the hands of a steamboat, that is, the pilot, the firemen, and deck-hands, navigating the river Delaware, between the city of Philadelphia and the state of Delaware, carrying passengers and merchandise, are mariners entitled to attach the vessel and recover their wages in this court. I have turned to my opinion in the case of Smith v. The Pekin [Case No. 13,090], which was a libel for wages. The libellant had shipped at Smyrna, in the state of Delaware, as cook and steward, to ply between Smyrna, Brandywine, and Wilmington, in Delaware, and the port of Philadelphia. A plea was filed to the jurisdiction of the court, on the ground taken in this case. It was fully argued, and the authorities carefully collected. After a deliberate examination of the law, I was well satisfied, that the service was a maritime service, and the court had jurisdiction of the case, and decreed accordingly. I adhere to that opinion.

As to the capacities, in which the libellants in this case were severally employed on board of the Ohio; the pilot, the deck-hands, the engineer and the fireman; I think they are all entitled to sue in the admiralty for their wages. In the case of The Pekin, the libellant was the cook and steward of the sloop, and might, in strictness, be said to have nothing to do with navigating her. In the case of Ross v. Walker, 2 Wilson, 264, it is said to be established, that any officer or common man who assists in navigating the ship, (except the master,) even the surgeon, is a mariner, and may sue in the admiralty for his wages. So of the carpenter; in short, any one, whose services are employed to preserve the ship, or those on board of her, is deemed, to this intent, to be a mariner.

Decree: That the libellant, Henry Wilson, recover and have paid to him the amount of wages claimed.